IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SEAN M. COCKSON, | ) | Case No. 4:07CV3190 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| SANDRA S. BENES, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Sean M. Cockson, a prisoner at the Lincoln Correctional Center, has been granted leave to proceed in forma pauperis ("IFP") and has paid an initial partial filing fee. By proceeding IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2),[1] which provides that the court shall dismiss the case at any time if the court determines that—

(A) the allegation of poverty is untrue; or
(B) the action or appeal–
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

Liberally construed, the plaintiff's complaint states a claim for slander or defamation of character. However, it does not appear from the allegations of the complaint that the court has subject-matter jurisdiction over this claim, which arises under state law. The court has original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States," 28 U.S.C. 1332(a)(1), but the plaintiff does allege either that the parties are of diverse citizenship or that the jurisdictional amount is met. In fact, it appears that the defendant is employed in Lincoln, Nebraska, and the plaintiff only claims damages of $50,000.

---

[1] The defendant is not "a governmental entity of officer or employee of a governmental entity." See 28 U.S.C. § 1915A (screening requirements for prisoner complaints).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Thus, unless the plaintiff can truthfully amend his complaint to allege that he and the defendant are citizens of different states, and that the amount in controversy exceeds $75,000, this action will be dismissed for lack of subject-matter jurisdiction.

THEREFORE, IT IS ORDERED:

1.   That the plaintiff shall have until January 7, 2008, to file an amended complaint alleging sufficient facts to establish the court's subject matter jurisdiction. In the absence of such filing, this case will be dismissed without further notice.

2.   That the Clerk of the court is directed to terminate the previous pro se case management deadline in this case[2] and to set a new deadline using the following text: "January 7, 2008: plaintiff's deadline for filing amended complaint."

December 7, 2007            BY THE COURT:

                            s/ *Richard G. Kopf*
                            United States District Judge

---

[2] The previous deadline required the plaintiff to show cause by November 28, 2007, why the case should not be dismissed for lack of prosecution because of nonpayment of the initial partial filing fee. A payment of $213.00 was received on November 7, 2007.